UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
RONALD M. ACKRIDGE,                          :    09 Civ. 10400 (RJH) (LMS)
:
                Plaintiff,       :
:
       -against-                          :    **MEMORANDUM**
:    **OPININION & ORDER**
P.O. MARTINEZ #8700 and the NEW              :
ROCHELLE CITY POLICE DEPARTMENT              :
:
               Defendants.       :
:
-----------------------------------------------------------------x

      Before the court is defendants' June 13, 2011 motion for summary judgment. For the reasons below, the court adopts Magistrate Judge Lisa M. Smith's thorough and well-reasoned Report and Recommendation of September 26, 2011 in full.

      As Plaintiff failed to oppose defendants' motion for summary judgment, and further failed to object to Judge Smith's Report and Recommendation, the court provides the following review of its attempted communications with plaintiff.

*Background*

      On December 14, 2009, plaintiff commenced this action *pro se* in New York State Supreme Court, Bronx County, claiming false arrest, false imprisonment, malicious prosecution, emotional distress, and negligent investigation. On December 22, 2009, defendants removed the action to this court. In his state court filing, plaintiff provided his address as 771 E. 233rd Street, Bronx, New York, 10466.

1

On February 4, 2010, plaintiff provided the court with a second mailing address of 1851 Phelan Place, Bronx, NY, 10466. However, court mailings to this address were repeatedly returned. (*See* docket entries of March 18, 2010, March 25, 2010, March 31, 2010, May 19, 2010, and June 10, 2010).

On June 15, 2010, Plaintiff provided the court with a third mailing address, including an inmate number, at the Westchester County Jail: P.O. Box 10, Valhalla, NY, 10595. Plaintiff has not subsequently updated his address, and this remains plaintiff's address of record on the court's docket sheet.

Magistrate Judge Lisa M. Smith held an in-court status conference with the parties on November 2, 2010. At the conference, Mr. Ackridge acknowledged that he had recently been released from the Westchester County Jail (*See* Transcript of Nov. 2, 2010 hearing at 15.) At the status conference, Judge Smith instructed plaintiff to obtain a copy of the court's *Pro Se* manual, thoroughly explained plaintiff's responsibilities in prosecuting his case, and asked plaintiff to update his address with the court. (*Id.* at 16-17.) However, plaintiff subsequently failed to provide the court with a new address.

Plaintiff participated by telephone in a status conference on March 9, 2011. Plaintiff indicated at that time that he was again incarcerated in the Westchester County Jail, and that all his legal paperwork had been lost. (*See* Transcript of Mar. 9, 2011 hearing at 4.) Plaintiff's original Westchester County Jail address remained on file in the case. The court instructed defendants' counsel to forward plaintiff a copy of all documents in its file previously exchanged by either side. (*Id.* at 6.) Defendants indicated their intent to file a motion for summary judgment, and Judge Smith carefully explained to plaintiff his obligation to respond. (*Id.* at 13-14.) On May 9, 2011, a further status

conference was held, in which plaintiff participated. At said conference, defendants' filing deadline was extended to June 6, 2011, and plaintiff's opposition deadline was extended to July 18, 2011.

Defendants moved for summary judgment on June 13, 2011. In their filing, defendants argued *inter alia* that all of plaintiff's claims were precluded, directly or indirectly, by his guilty plea of March 6, 2009, and that the New Rochelle Police Department was not a suable entity. (*See* Mem. of Law in Supp. of Mot. for Summ. J., docket no. **[32]**.) Defendants included a Notice to Pro Se Litigant, indicating plaintiff's responsibilities in opposing the motion. (*See* Notice to Pro Se Litigant, docket no. **[29]**.) The Notice stated in part, "If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial." (*Id.* at 2.) Defendants provided the court with an affidavit of service, indicating that all motion papers had been served by mail on plaintiff, now housed at the George Motchan Detention Center, 15-15 Hazen Street, East Elmhurst, NY 11370.

On June 27, 2011, Judge Smith *sua sponte* extended plaintiff's opposition deadline to August 12, 2011. Although notice of the extended deadline was entered onto the docket, there is no record that notice of the extension was given to plaintiff. Nevertheless, no opposition to the motion was filed before or after the extended deadline.

On September 26, 2011, Judge Smith issued a Report and Recommendation ("the '400 Report" **[35]**) recommending that the Court grant defendants' motion. The '400 Report indicated that any objections thereto were to be filed within 17 days of its entry,

pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. Rs. Civ. P. 72(b) and 6(d). (See *id.* at 13.) On the same date, Judge Smith issued a Report and Recommendation in another of plaintiff's matters, *Ackridge v. New Rochelle City Police Department*, 09 Civ. 10396 (the "'396 Report", and collectively with the '400 Report, "Reports").

Before the Reports were mailed to plaintiff, the court reviewed the electronic inmate indices at the Westchester County Jail and at the George Motchan Detention Center. The court found that Ackridge was no longer incarcerated there, and thus that his address of record and his last known address were invalid. Accordingly, the court contacted defense counsel, who had recently communicated with plaintiff through an attorney he retained in a related matter. The court thus forwarded copies of the Reports to plaintiff's attorney at the provided address.

The '396 Report was apparently received by plaintiff, as he responded with objections on October 20, 2011. Nevertheless, no objections have been entered to the '400 Report in the present action. The statutory period for filing objections has expired, and defendant has not provided a change of address to the court.

*Discussion*

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to a Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

4

The court recognizes the possibility that plaintiff never received copies of defendants' Motion for Summary Judgment and thus failed to oppose the motion, or to timely object to the '400 Report. However, plaintiff was undoubtedly aware that the Motion was forthcoming, having been so informed by the parties and by Judge Smith in numerous telephone conferences. Regardless, when a party changes addresses, it is his obligation to notify the court of his new address. *See Handlin v. Garvey*, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov.20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"); *Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding dismissal appropriate where plaintiff was inaccessible for the preceding two months "without notifying the Court, the Government, or the *Pro Se* Office of a change of address"). Plaintiff clearly understands how to inform the court of an address change, as he did so on two previous occasions. And, in any event, plaintiff is likely to have received the '400 Report, as plaintiff received and responded to the '396 Report, sent to the same recipient on the same day.

Therefore, as plaintiff did not object to the '400 Report within the statutory period, the court reviews it for clear error only. Upon review of the record before the court and the '400 Report, the court finds that there is no clear error in it, and hereby affirms and adopts it in its entirety as the opinion of the court.

*Conclusion*

Defendants' motion for summary judgment is GRANTED, and plaintiff's claims are dismissed with prejudice. The Clerk is directed to close this case.

SO ORDERED.

Dated: New York, New York
           Nov. 22, 2011

　　　　　　　　　　　　　　　　　　　　　　　Richard J. Holwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge